**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
HATTERAS ENTERPRISES INC *a California corporation*, DEBRA MATTES *an individual*, MADMACK LLC *a California limited liability company*,

**SHORT FORM ORDER**
2:15-cv-05887 (ADS)(ARL)

Plaintiff(s),

-against-

FORSYTHE COSMETIC GROUP, LTD *a New York corporation*, HARRIET ROSE *an individual*, MICHAEL ROSE *an individual*, COLOR CLUB, LLC *a New York limited liability company*, HARRIET ROSE 2009 IRREVOCABLE TRUST, DOES *1 THROUGH 50, inclusive*,

Defendant(s).
-----------------------------------------------------------X

**APPEARANCES:**

**Yourist Law Corporation APC**
*Co-Counsel for the Plaintiffs*
11111 Santa Monica Boulevard Suite 100
Los Angeles, CA 90025-3333
    By:    Daniel J Yourist, Esq.,
               Bradley J Yourist, Esq., Of Counsel

**Kilka Parrish and Bigelow**
*Co-Counsel for the Plaintiffs*
133 N Altadena Drive
Suite 403
Pasadena, CA 91107
    By:    Franklin Thomas Bigelow, Jr., Esq., Of Counsel

**Michael Nanagano Law Offices**
*Co-Counsel for the Plaintiffs*
555 West Fifth Street Suite 3100
Los Angeles, CA 90013
    By:    Miachel A. J. Nangano, Esq., Of Counsel

**Robert M. Silverman**
*Co-Counsel for the Plaintiffs*
269 South Beverly Drive, Suite 1358
Beverly Hills, CA 90212
    By:    Robert M. Silverman, Esq., Of Counsel

**Osborn Law. P.C.**
*Co-Counsel for the Defendants*
295 Madison Avenue
39th Floor
New York, NY 10017
    By:    Daniel Adam Osborn, Esq., Of Counsel

**Woollacott LLP**
*Co-Counsel for the Defendants*
10850 Wilshire Boulevard Suite 825
Los Angeles, CA 90024
    By:    Jay A Woollacott, Esq., Of Counsel

**SPATT, District Judge**:

The Plaintiffs Hatteras Enterprises Inc. ("Hatteras"), Debra Mattes ("Mattes"), and MadMack LLC ("MadMack") (collectively, the "Plaintiffs") brought this action against the Defendants Forsythe Cosmetic Group, Ltd ("Forsythe"), Harriet Rose, Michael Rose, Color Club, LLC ("Color Club"), Harriet Rose 2009 Irrevocable Trust (the "Trust"), and certain as yet unnamed Does (collectively, the "Defendants"), alleging that the Defendants, *inter alia*, engaged in common law fraud.

Presently pending before the Court is a motion by the Defendants to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(6).

However, the Court is unable to rule on the Defendants' motion at this time because neither party has briefed the issue of choice of law in any way. Therefore, the parties are directed to file briefs on the question of the choice of law.

The parties should bear in mind that all six agreements between the parties contain New York choice of law provisions. (*See* Operating Agreement at ¶ 11.6 ("This Agreement, and the application or interpretation hereof, shall be governed by and in accordance with the laws of the State of New York applicable to agreements made and fully to be performed therein, and specifically the Act."); Assignment Agreement at ¶ 5 ("This Agreements and all controversies arising from or relating to performance under this Agreement shall be governed and construed in accordance with the laws of the State of New York, without regard to its conflict of laws principles."); Licensing Agreement at ¶ 18(g) ("This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York applicable to agreements executed within and to be wholly performed within the State of New York."); Services Agreement at ¶ 11(a) ("This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without regard to its conflict of law principles."); Loan Agreement at ¶ 6.10 ("This Agreement shall be construed in accordance with and governed by the laws of the State of New York, without regard to its conflicts of law principles."); Security Agreement at ¶ 6(h) ("This Agreement shall be construed in accordance with and governed by the laws of the State of New York, without regard to its conflicts of law principles.")).

Therefore, the Court disagrees with the Plaintiffs that "preliminarily, California law must be seen to apply." (Pls.' Mem. in Opp. to Defs.' Mot. to Dismiss at 8). The fact that this case was originally filed in California state court has no bearing on the choice of law.

"Federal courts sitting in diversity in New York must apply New York's choice-of-law rules when determining the law that governs the contract." *Lehman Bros. Commercial Corp. v. Minmetals Int'l Non–Ferrous Metals Trading Co.,* No. 94 Civ. 8301, 2000 WL 1702039, at*11 (S.D.N.Y. Nov. 13, 2000); *see also Lund's Inc. v. Chemical Bank,* 870 F.2d 840, 845 (2d

Cir. 1989). New York courts follow the test laid out in the Restatement (Second) of Conflicts of Laws § 187.

"Accordingly, a court may refuse enforcement of a choice-of-law clause only where (1) there is no reasonable basis for the parties' choice, or (2) the application of the chosen law would violate a fundamental public policy of another jurisdiction with materially greater interests in the dispute." *Radioactive, J.V. v. Manson*, 153 F. Supp. 2d 462, 469–70 (S.D.N.Y. 2001) (citing *Lehman Bros. Commercial Corp.,* 2000 WL 1702039, at *12); *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.,* 230 F.3d 549, 556 (2d Cir. 2000) ("New York law is clear in cases involving a contract with an express choice-of-law provision: Absent fraud or violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction."); *International Minerals and Res., S.A. v. Pappas,* 96 F.3d 586, 592 (2d Cir. 1996) (same)).

However, "[u]nder New York law, a choice-of-law provision indicating that the *contract* will be governed by a certain body of law does not dispositively determine that law which will govern a claim of *fraud* arising incident to the contract." *Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) (citing, *inter alia*, *Plymack v. Copley Pharm., Inc.,* 1995 WL 606272 at *5 (S.D.N.Y. 1995) (Under New York law, "[a] contractual choice of law provision ... does not bind the parties with respect to non-contractual causes of action."); *Rosenberg v. Pillsbury Co.,* 718 F. Supp. 1146, 1150 (S.D.N.Y. 1989) ("While [a choice-of-law] provision is effective as to breach of contract claims, it does not apply to fraud claims, which sound in tort."); *Klock v. Lehman Bros. Kuhn Loeb Inc.,* 584 F. Supp. 210, 215 (S.D.N.Y. 1984) ( "[I]t has been held in New York that a contractual choice of law provision governs only a cause of action sounding in contract.")).

"In New York, . . . the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Fieger v. Pitney Bowes Credit Corp.,* 251 F.3d 386, 393 (2d Cir. 2001) (internal quotation marks omitted). "An actual conflict exists where the applicable law from each jurisdiction provides differing rules that have the potential to affect the outcome of the case significantly." *Horton v. Greenwich Hosp.,* No. 12–CV–4436, 2014 WL 956468, at *2 n. 1 (S.D.N.Y. Mar. 10, 2014).

Therefore, the parties should brief whether there is a conflict of laws between California and New York on *each* of the Plaintiffs' claims; and if so, which law should apply.

Furthermore, the parties are directed to brief how, if in any way, the fact that the Plaintiffs bring claims under California statutes are affected by the choice of law provisions contained in the agreements. The parties are directed to compare the relevant New York and California securities laws; discuss whether there is a conflict between them; and whether the Plaintiff can bring claims under California statutes, or whether they would have to amend their complaint to bring claims under the relevant analogous New York statutes.

Finally, as to the sufficiency of the pleading, the Court notes that "federal courts sitting in diversity apply state substantive law and federal procedural law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S. Ct. 2211, 2219, 135 L. Ed. 2d 659 (1996). Accordingly, the Court will, of course, apply federal procedural law.

Accordingly, the parties are directed to file briefs no larger than ten (10) pages discussing the above issues on or before March 27, 2018. If either party wishes to respond to the other party's brief, they shall do so no later than April 3, 2018. Reply briefs are limited to five (5) pages. No extensions of time will be granted, as neither party saw fit to brief this issue in the first instance.

**SO ORDERED:**

Dated: Central Islip, New York

March 6, 2018

                                             */s/ Arthur D. Spatt*

                                             ARTHUR D. SPATT

                                             United States District Judge