**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X
HATTERAS ENTERPRISES INC., *a California*
*Corporation*, MADMACK LLC, *a California Limited*
*Liability Company*, and DEBRA MATTES,
*an individual*,


                              *Plaintiffs*,

                                                                **MEMORANDUM**
                                                                **AND ORDER**
               -against-                                        15-CV-5887 (JMW)


FORSYTHE COSMETIC GROUP, LTD.,
HARRIET ROSE 2009 IRREVOCABLE TRUST,
HARRIET ROSE, *an individual*, MICHAEL ROSE,
*an individual*,


                              *Defendants*.

--------------------------------------------------------------------X

**A P P E A R A N C E S**:

         Robert M. Silverman, Esq.
         **Law Office of Robert M. Silverman**
         269 South Beverly Drive, Suite 1358
         Beverly Hills, CA 90212
         *Attorneys for Plaintiffs*

               -and-

         Daniel Adam Osborn, Esq.
         **Osborn Law P.C.**
         43 West 43rd Street, Ste 131
         New York, NY 10036
         *Attorneys for Defendants*


**WICKS**, Magistrate Judge:

         Plaintiffs Hatteras Enterprises Inc. ("Hatteras"), Debra Mattes ("Mattes"), and MadMack

LLC ("MadMack") brought this action against Defendants Forsythe Cosmetic Group, Ltd.

("FCG"), Harriet Rose 2009 Irrevocable Trust (the "Trust"), Harriet Rose, and Michael Rose

alleging, *inter alia*, fraud and breach of contract arising out of a 2012 agreement for the rights to Plaintiffs' color-changing nail polish. (ECF No. 1.) Following unsuccessful settlement discussions, the parties consented to a Bench Trial before the undersigned to address the remaining claims in this case.[1] (*See* ECF Nos. 111, 122, 123, 129.) On March 19, 2024, Defendants advised the Court that Defendant FCG filed a Chapter 11 Bankruptcy case in the Bankruptcy Court for the Eastern District of New York, *Case No*. 24-70997. (ECF Nos. 130-131.) Upon FCG's filing of the bankruptcy petition, the bankruptcy stay set forth in 11 U.S.C. § 362(a) as applied to FCG came into place immediately.[2]

The Court subsequently directed the parties to file letters indicating their position on the automatic stay and whether it extends to the non-debtor Defendants – Harriet Rose 2009 Irrevocable Trust, Harriet Rose, and Michael Rose (hereafter, "the Non-Debtor Defendants"). (ECF No. 130.) Plaintiffs' position is that the automatic stay does not apply to any defendant except FCG and should not be extended to any other party in this action. (ECF No. 132.) By contrast, Defendants maintain the entire action must be stayed as a result of the bankruptcy filing of FCG. (ECF No. 131.) For the foregoing reasons, the Court finds the Non-Debtor Defendants "are integral parties of the [remaining] claims set forth in the Complaint," and "invokes its discretionary authority to stay the proceedings" while the bankruptcy proceeding against FCG

---

[1] On August 25, 2022, District Judge Gary R. Brown denied Defendants' Motion for Summary Judgment as to Counts Seven (Fraudulent Inducement), Eight (Securities Fraud under Cal. Corp. Code § 25401), and Fourteen (Aiding and Abetting Fraud), but granted the Motion as to the remaining claims asserted in the Amended Complaint. (ECF No. 111.)

[2] "The Bankruptcy Code's automatic stay provisions, set forth in Section 362, 'protect[ ] bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate.'" *In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) (quoting *Picard v. Fairfield Greenwich Ltd*., 762 F.3d 199, 207 (2d Cir. 2014)).

"get[s] underway." *See* ECF No. 31 at 2; *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *2-3 (S.D.N.Y. Apr. 18, 2023).

## **BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history of this case, as outlined in Judge Brown's August 25, 2022 Memorandum and Order granting in part and denying in part Defendants' Motion for Summary Judgment. (ECF No. 111.) On March 19, 2024, Counsel for Defendant advised the Court that Defendant FCG filed for bankruptcy, and the Court directed the parties to advise the Court on their respective positions as to whether the automatic stay applied to FCG as a result of the bankruptcy proceeding also applied to the Non-Debtor Defendants. (ECF No. 130.)

On March 29, 2024, Defendants indicated their position is that this entire action must be stayed as a result of the bankruptcy filing of FCG because "the issues involved in this case are significantly intertwined as between FCG and the other Defendants and because the continuation of this action cannot occur without affecting FCG and property of the bankruptcy estate[,]" as Plaintiffs' Complaint "(i) seeks joint and several liability against the Defendants; (ii) seeks declaratory relief as to rights with respect to intellectual property ("IP") in which FCG has an interest; and (iii) asserts alter ego arguments as to Harriet Rose and Michael Rose, individuals." (ECF No. 131.) Specifically, Defendants contend that "the entire action must be stayed as the relief sought would impact property of the bankruptcy estate, in particular FCG's interest in the IP" and Defendants are otherwise "integral parties of the claims set forth in the Complaint." (*Id.* at 2.)

On March 12, 2024, Plaintiffs filed their letter articulating their position concerning the automatic stay. (ECF No. 132.) Plaintiffs argue that Section 362(a)(1) provides for an automatic stay for actions proceeding against the *debtor*, and Defendants have not otherwise demonstrated

3

"unusual circumstances" warranting the application of the stay to the Non-Debtor Defendants. (*Id*. at 1.) Plaintiff maintains that the continuation of this litigation against the Non-Debtor Defendants "will have no impact on the bankruptcy estate" and each Non-Debtor Defendant "is independently liable for the causes of action asserted against them." (*Id*. at 2.)

## DISCUSSION

"The plain language of Section 362(a)(1) of the bankruptcy code limits the extension of an automatic stay to a 'proceeding against the debtor.'" *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *1 (S.D.N.Y. Apr. 18, 2023) (quoting 11 U.S.C. § 362(a)(1)) ("[C]ourts will generally not extend the automatic stay of proceedings pursuant to Section 362(a)(1) to non-debtor co-defendants"). However, "[in] 'unusual situations[,]' a court may extend the automatic stay to non-bankrupt co-defendants of the debtor." *Id*. (quoting *Variable-Parameter Fixture Dev. Corp.* v. *Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996)).

Relevant here, "unusual" circumstances justifying a stay against "non-debtor officers and principals of a debtor corporation" include "when the debtor and non-debtor are 'so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by operation of law.'" *Id*. (quoting *Variable-Parameter*, 945 F. Supp. at 608). "The question is whether the action against the non-debtor is sufficiently likely to have a material effect upon reorganization efforts, [such] that debtor protection requires an exception to the usual limited scope of the stay." *Id*. (internal citations omitted); *Queenie, Ltd. v. Nygard*, 321 F.3d 282, 288 (2d Cir. 2003) (internal quotations omitted) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples [include] actions where there is such identity

4

between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.").

Specifically, bankruptcy courts have extended the automatic stay to non-debtor defendants "where colorable risk that [the] proceeding will later be enjoined by the bankruptcy court under Section 105(a), which allows injunctions where claims 'threaten to thwart or frustrate the debtor's reorganization efforts' or 'when the claims against [the debtor] and the claims against the [non-debtors] are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding.'" *Plaintiff Funding Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *2 (quoting *In re The 1031 Tax Grp.*, LLC, 397 B.R. 670, 684 (Bankr. S.D.N.Y. 2008)) (collecting cases); *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990), *aff'd in part sub nom. In re Ionosphere Clubs Inc.*, 124 B.R. 635 (S.D.N.Y. 1991).[3]

---

[3] As Plaintiffs articulate, "It is clear that the district court can determine whether the automatic stay is applicable to a case before it." (ECF No. 132.); *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."). However, "[w]hether it ought to exercise its authority to make such a determination, is a different question." *Id.* (holding that while "the District Court in the instant litigation had jurisdiction to determine the scope of the stay, its issuance of the injunction challenged on this appeal was a misuse of its equitable power"); ECF No. 132 ("It is not as clear, however, whether the district court can extend the stay to non-debtors, a power derived from 11 U.S.C. Section 105."); *Inn World Rep., Inc. v. MB Fin. Bank NA*, No. 21-2911-CV, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) ("We note that a state court's ability to determine whether a proceeding before it is subject to the automatic stay does not deprive a bankruptcy court of its authority under the Bankruptcy Code to interpret the scope of the automatic stay or to address violations of it."). In *Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, Judge Cogan declined to extend the automatic stay to the non-debtor defendants, and noted: "[T]here are far more decisions that protect non-debtors only pursuant to an application for an injunction under 11 U.S.C. § 105. Moreover, when a bankruptcy court determines that the automatic stay applies to non-debtor entities, even without issuing an injunction, it is effectively weighing the intra and inter-creditor interests that its unique position allows it to take into account. Such bankruptcy court decisions . . . are thus not very persuasive in instructing what a non-bankruptcy court should do, and I decline to act like a bankruptcy court here." 536 B.R. 48, 53 (E.D.N.Y. 2015).

"Where the automatic stay does not apply, a [federal district court] court may still invoke its discretionary authority to stay the proceedings" against the non-debtor co-defendants, "but [t]he proponent of the stay bears the burden of demonstrating that such a stay is justified." *MBE Capital Partners LLC* v. *AVPOL Int'l LLC*, No. 17 Civ. 5992 (PGG), 2019 WL 568587, at *3 (S.D.N.Y. Feb. 11, 2019) (internal citations omitted); *Fagan* v. *Republic of Austria*, No. 08 Civ. 6715 (LTS) (JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) ("Courts generally consider five factors in determining whether to stay a proceeding, including: (i) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest.").

Here, the remaining claims against FCG and the Non-Debtor Defendants to be addressed at the forthcoming Bench Trial "share a similar factual nexus and are closely related in several respects." *Id*. Specifically, Plaintiffs assert claims against *all* "Defendants" – including Michael Rose, FCG's former president (ECF No. 109-1 at ¶¶ 4, 13), and Harriet Rose, one of FCG's founders (ECF No. 109-1 at ¶ 18) for Fraudulent Inducement, Securities Fraud under California law, and Aiding and Abetting Fraud, in connection with the "six agreements" allegedly entered into by the parties. *See* ECF No. 64 at 17, 30; *Pavers & Rd. Builders Dist. Council Welfare Fund*, 536 B.R. at 53 (finding that "[a]t most, the automatic stay could apply to [plaintiffs'] *alter ego* claims"). In response to Defendants' Motion for Summary Judgment on all claims against them, Plaintiffs submitted an opposition, jointly addressing the arguments made by "Defendants." *See e.g*., ECF No. 110 at 1-13. Plaintiffs' opposition to "hardly [sought] to differentiate between [the] parties, one of whom is a debtor and one of whom is not." *Plaintiff*

6

*Funding Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *2. Moreover,
Plaintiffs have "not been perfectly clear which claims the Court *can and should* adjudicate
notwithstanding [FCG's] bankruptcy filing[s], and which claims it should not." *Id.* (emphasis
added); *see generally*, ECF No. 132.

   To this end, proceeding with a trial against the Non-Debtors under the circumstances
"dangerously approaches claims that are inextricably intertwined with those brought against the
debtor[,]" such that a discretionary stay, at minimum, is warranted in this case. *Plaintiff Funding
Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *2 -3 (finding the individual non-
debtor defendant's arguments and the facts of the case "warrant[ed] a temporary stay while the
bankruptcy proceedings g[ot] underway[,] given the factual nexuses between the claims brought
against [the debtors and non-debtor], as well as the [non-debtor's] relationship to [the debtor],"
and the likely possibility "that the bankruptcy court [would] weigh in and seek to extend the
automatic stay or enjoin this case from proceeding."). Indeed, "[b]ecause the Court is cognizant
of the interests that the debtors may have in resolution of factually similar claims brought against
[FCG], the Court believes that it is in the interests of judicial economy and the courts" to allow
the Eastern District bankruptcy proceeding "to get off the ground" before proceeding with the
Bench Trial. *Plaintiff Funding Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *3
(holding "a temporary stay is warranted in order to protect the debtors and to not run afoul of
bedrock principles of bankruptcy law."); *Pavers & Rd. Builders Dist. Council Welfare Fund*, 536
B.R. at 52 (noting that determining whether to extend the automatic stay to non-debtors is a
decision best suited for the bankruptcy court); *Chord Assocs. LLC v. Protech 2003-D, LLC*, No.
07-5138 JFB AKT, 2010 WL 1257874, at *13 (E.D.N.Y. Mar. 25, 2010) (implementing a
discretionary stay where: (i) "the claims are undifferentiated as to the debtor versus non-debtor

Defendants," (ii) the "witnesses would have to come from the [debtor] entities" and (iii) "the resources to defend the actions" belonged to the debtor).

## <u>CONCLUSION</u>

For the reasons stated herein, this case is stayed for six months, and the Court will lift the stay on **<u>October 30, 2024</u>**, should the bankruptcy court take no action or should developments in the bankruptcy proceeding not justify extension of the automatic stay to the Non-Debtor Defendants. *See e.g., Plaintiff Funding Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *3; *Chord Assocs. LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *13. The parties are directed to file a Joint Status Report on or before **<u>July 30, 2024</u>**, advising the Court of the status of the bankruptcy proceeding. The Bench Trial currently scheduled for July 22, 2024 at 9:30 AM is hereby **adjourned *sine die***.

Dated: Central Islip, New York
      May 1, 2024

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8