UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HATTERAS ENTERPRISES INC., *a California Corporation*, MADMACK LLC, *a California Limited Liability Company*, and DEBRA MATTES, *an individual*,

                     *Plaintiffs*,

                                               **MEMORANDUM ORDER**
     -against-                                  15-CV-5887 (JMW)


FORSYTHE COSMETIC GROUP, LTD.,
HARRIET ROSE 2009 IRREVOCABLE TRUST,
HARRIET ROSE, *an individual*, MICHAEL ROSE,
*an individual*,

                     *Defendants*.
-------------------------------------------------------------------X

**A P P E A R A N C E S**:

    Robert M. Silverman, Esq.
    **Law Office of Robert M. Silverman**
    269 South Beverly Drive, Suite 1358
    Beverly Hills, CA 90212
    *Attorneys for Plaintiffs*

        -and-

    Daniel Adam Osborn, Esq.
    **Osborn Law P.C.**
    43 West 43rd Street, Ste 131
    New York, NY 10036
    *Attorneys for Defendants*


**WICKS**, Magistrate Judge:

      The time to try this case has arrived. There is finally a coda in sight to this enduring

dispute. On the heels of a bankruptcy court ruling declaring that the Non-Debtor Defendants are

1

not subject to the automatic stay under the Bankruptcy Code, the parties are at loggerheads over whether the trial should nevertheless proceed. It will.

Plaintiffs Hatteras Enterprises Inc. ("Hatteras"), Debra Mattes ("Mattes"), and MadMack LLC ("MadMack") brought this action against Defendants Forsythe Cosmetic Group, Ltd. ("FCG"), Harriet Rose 2009 Irrevocable Trust (the "Trust"), Harriet Rose, and Michael Rose alleging, *inter alia*, fraud and breach of contract arising out of a 2012 agreement for the rights to Plaintiffs' color-changing nail polish. (ECF No. 1.) Following unsuccessful settlement discussions, the parties consented to a Bench Trial before the undersigned to address the remaining claims in this case.[1] (*See* ECF Nos. 111, 122, 123, 129.) On March 19, 2024, Defendants advised the Court that Defendant FCG filed a Chapter 11 Bankruptcy case in the Bankruptcy Court for the Eastern District of New York, *In re Forsythe Cosmetic Group, Ltd., Debtor*, Case No. 24-70997. (ECF Nos. 130-131.) Upon FCG's filing of the bankruptcy petition, the bankruptcy stay set forth in 11 U.S.C. § 362(a) as applied to FCG came into place immediately.[2]

The Court subsequently directed the parties to file letters indicating their position on the automatic stay and whether it extends to the non-debtor Defendants – Harriet Rose 2009 Irrevocable Trust, Harriet Rose, and Michael Rose (hereafter, "the Non-Debtor Defendants"). (ECF No. 130), and, pursuant to the undersigned's Memorandum and Order dated May 1, 2024, ultimately found that the Non-Debtor Defendants were "integral parties of the remaining claims

---

[1] On August 25, 2022, District Judge Gary R. Brown denied Defendants' Motion for Summary Judgment as to Counts Seven (Fraudulent Inducement), Eight (Securities Fraud under Cal. Corp. Code § 25401), and Fourteen (Aiding and Abetting Fraud), but granted the Motion as to the remaining claims asserted in the Amended Complaint. (ECF No. 111.)

[2] "The Bankruptcy Code's automatic stay provisions, set forth in Section 362, 'protect[ ] bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate.'" *In re Fogarty*, 39 F.4th 62, 71 (2d Cir. 2022) (quoting *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 207 (2d Cir. 2014)).

2

set forth in the Complaint" such that, at minimum, a discretionary stay of proceedings was warranted while the bankruptcy proceeding against FCG "[got] underway." *See Hatteras Enterprises Inc. v. Forsythe Cosm. Grp., Ltd.,* No. 15-CV-5887 (JMW), 2024 WL 1908593, at *1-3 (E.D.N.Y. May 1, 2024) (quoting *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *1 (S.D.N.Y. Apr. 18, 2023)) ("[P]roceeding with a trial against the Non-Debtors under the circumstances 'dangerously approaches claims that are inextricably intertwined with those brought against the debtor[,]' such that a discretionary stay, at minimum, is warranted in this case. Indeed, '[b]ecause the Court is cognizant of the interests that the debtors may have in resolution of factually similar claims brought against [FCG], the Court believes that it is in the interests of judicial economy and the courts' to allow the Eastern District bankruptcy proceeding 'to get off the ground' before proceeding with the Bench Trial."). Specifically, the Court stayed proceedings in the case for a period six months, further noting that the stay would be lifted on October 30, 2024 "should the bankruptcy court take no action or should developments in the bankruptcy proceeding not justify extension of the automatic stay to the Non-Debtor Defendants." *Id*. at *4.

On June 24, 2024, Plaintiffs made an application to the bankruptcy court for an order authorizing relief from the automatic stay to permit Plaintiffs "to take all actions necessary to continue, adjudicate, and complete" the instant action. (*See In re Forsythe Cosmetic Group, Ltd., Debtor*, Case No. 24-70997, ECF No. 32.)  On September 25, 2024, the bankruptcy court held a hearing on Plaintiffs' motion for relief from the automatic stay (ECF No. 136 at 1), which was unopposed (ECF No. 139 at 1), and, on September 30, 2024, the bankruptcy court entered an Order granting Plaintiffs' application. (*See In re Forsythe Cosmetic Group, Ltd., Debtor*, Case No. 24-70997, ECF No. 47.) Chief Bankruptcy Judge Alan S. Trust held the automatic stay of 11 U.S.C.

Section 362 was "inapplicable and not in effect with respect to the Non-Debtor Defendants" in the instant action "so as to permit [Plaintiffs] to take all actions necessary to continue and to complete to judgement" the instant action against the Non-Debtor Defendants. (*Id.*)

On October 1, 2024, Plaintiffs filed a Status Report informing the Court of the bankruptcy court's ruling. (ECF No. 136.) On October 2, 2024, Defendants filed a Status Report arguing that while Chief Judge Trust "confirmed the automatic stay does not apply to the [N]on-[D]ebtor [D]efendants[,]" the Court should nevertheless "continue [the] stay as to both the Debtor and the [N]on-Debtor [D]efendants[,]" because, Defendants contend, "there have been no developments in the bankruptcy proceeding that would not justify extension of the automatic stay to the Non-Debtor Defendants." (ECF No. 138 at 1.) Plaintiffs filed their response to Defendants' Letter on October 7, 2024, arguing that this case should proceed to trial because: (i) "as recognized by the [b]ankruptcy [c]ourt when ruling on Plaintiffs' Motion for Relief from the Automatic Stay, the [Non-Debtor Defendants] did not file any opposition challenging the Plaintiffs' Motion for Relief; and (ii) the bankruptcy court ruled that the Non-Debtor Defendants were not subject to the bankruptcy stay. (ECF No. 139.) For the foregoing reasons, and in light of the bankruptcy court's decision, the Court now finds it appropriate to lift the stay of proceedings previously imposed on May 1, 2024.

## **DISCUSSION**

"The plain language of Section 362(a)(1) of the bankruptcy code limits the extension of an automatic stay to a 'proceeding against the debtor.'" *Plaintiff Funding Holding, LLC v. Blue Ocean Partners LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *1 (S.D.N.Y. Apr. 18, 2023) (quoting 11 U.S.C. § 362(a)(1)) ("[C]ourts will generally not extend the automatic stay of proceedings pursuant to Section 362(a)(1) to non-debtor co-defendants"). However, "[in] 'unusual situations[,]' a court may extend the automatic stay to non-bankrupt co-defendants of the debtor."

4

*Id.* (quoting *Variable-Parameter Fixture Dev. Corp.* v. *Morpheus Lights, Inc.*, 945 F. Supp. 603, 608 (S.D.N.Y. 1996)).

As stated, out of an abundance of caution, the Court previously invoked its discretionary authority to stay the proceedings in the instant case against the Non-Debtor Defendants while the bankruptcy proceeding was in its early stages – and *prior* to Judge Trust's ruling granting Plaintiffs relief from the automatic stay – in light of the fact that the claims against FCG and the Non-Debtor Defendants that were going to be addressed at the previously scheduled Bench Trial "share[d] a similar factual nexus and [were] closely related in several respects." *Hatteras Enterprises Inc. v. Forsythe Cosm. Grp., Ltd.*, No. 15-CV-5887 (JMW), 2024 WL 1908593, at *3 (E.D.N.Y. May 1, 2024); *MBE Capital Partners LLC* v. *AVPOL Int'l LLC*, No. 17 Civ. 5992 (PGG), 2019 WL 568587, at *3 (S.D.N.Y. Feb. 11, 2019); *Chord Assocs. LLC v. Protech 2003-D, LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *12 (E.D.N.Y. Mar. 25, 2010) (implementing a discretionary stay where the district court had not yet been provided with any information from the Delaware Bankruptcy Court "regarding the scope of the automatic stay and any impact on the non-debtor wholly owned subsidiaries who are Defendants in the [district court] action," nor had the district court "been made privy to any arguments proffered by the debtor entities as to the non-debtors" and opining that the district court was "operating in somewhat of a vacuum").

However, the Court explicitly noted that the stay would be lifted after six months "should developments in the bankruptcy proceeding not justify extension of the automatic stay to the Non-Debtor Defendants." *Hatteras Enterprises Inc.*, No. 15-CV-5887 (JMW), 2024 WL 1908593, at *4; *see e.g.*, *Plaintiff Funding Holding, LLC*, No. 22 CIV. 4094 (KPF), 2023 WL 3506142, at *3 ("[T]he facts of this case warrant a temporary stay while the bankruptcy proceedings get underway. [G]iven the factual nexuses between the claims brought against [defendants], it is quite possible

that the bankruptcy court will weigh in and seek to extend the automatic stay or enjoin this case from proceeding. [A] temporary stay is warranted in order to protect the debtors and to not run afoul of bedrock principles of bankruptcy law.").

"[T]he automatic stay and the provisions that allow for relief from the automatic stay are codified in section 362 of the Bankruptcy Code." *In re Jones*, No. 23-CV-4828 (CS), 2024 WL 3666384, at *3–4 (S.D.N.Y. Aug. 6, 2024) (citing 11 U.S.C. § 362). "Pursuant to 11 U.S.C. § 362(a), the filing of a bankruptcy petition operates as an automatic stay to give a debtor a short respite from creditors' demands, during which a debtor will have the opportunity to develop and implement plans to right his financial affairs." *In re Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002). "Sections 362(d)(1) and (d)(2) provide two avenues for relief from an automatic stay." *In re Jones*, No. 23-CV-4828 (CS), 2024 WL 3666384, at *3.

Here, the bankruptcy court vacated the automatic stay as to the Non-Debtor Defendants pursuant to Section 362(d), explicitly permitting Plaintiffs to "take all actions necessary to continue and complete" the instant case. (*See In re Forsythe Cosmetic Group, Ltd., Debtor*, Case No. 24-70997, ECF No. 47.) The undersigned adheres to the bankruptcy court's judgment. *See Pavers & Rd. Builders Dist. Council Welfare Fund v. Core Contracting of N.Y., LLC*, 536 B.R. 48, 53 (E.D.N.Y. 2015) (noting that determining whether to extend the automatic stay to non-debtors is a decision best suited for the bankruptcy court); *Chord Assocs. LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *13 ("It would be inappropriate to grant an indefinite stay or to condition lifting a stay upon resolution of the reorganization proceedings."); *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) (holding that while "the District Court in the instant litigation had jurisdiction to determine the scope of the stay, its issuance of the injunction challenged on this appeal was a misuse of its equitable power"); ECF No. 132 ("It is not as clear,

6

however, whether the district court can extend the stay to non-debtors, a power derived from 11 U.S.C. Section 105."); *Inn World Rep., Inc. v. MB Fin. Bank NA*, No. 21-2911-CV, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) ("We note that a state court's ability to determine whether a proceeding before it is subject to the automatic stay does not deprive a bankruptcy court of its authority under the Bankruptcy Code to interpret the scope of the automatic stay or to address violations of it.").

Accordingly, trial will proceed against the Non-Debtor Defendants.

## CONCLUSION

For the reasons stated herein, Plaintiffs' Motion to Vacate the stay of proceedings previously imposed on May 1, 2024 (ECF No. 136) is **GRANTED**. The parties are directed to appear for a Status Conference before the undersigned set for **November 26, 2024 at 3:00 p.m**. via the Court's Video Zoom to discuss the logistics of the anticipated Bench Trial in this case.

Dated: Central Islip, New York
November 6, 2024

**S O   O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

7