FILED
CLERK
8/12/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
HATTERAS ENTERPRISES, INC., a
California Corporation; MADMACK LLC, a
California Limited Liability Company; and
DEBRA MATTES, an individual,

              *Plaintiffs*,

      -against-

FORSYTHE COSMETIC GROUP, LTD;
COLOR CLUB, LLC, a New York Limited
Liability Company; HARRIET ROSE 2009
IRREVOCABLE TRUST; HARRIET ROSE,
an individual; and MICHAEL ROSE, an
individual,
              *Defendants*.

------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**
15-cv-05887 (JMW)

**A P P E A R A N C E S:**

    Robert M. Silverman
    **Robert M. Silverman**
    269 South Beverly Drive, Suite 1358
    Beverly Hills, CA 90212
    *Attorneys for Plaintiffs*

    Daniel Adam Osborn
    Lindsay Trust
    **Osborn Law P.C.**
    43 West 43rd Street, Ste 131
    New York, NY 10036
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

    Following the conclusion of a bench trial that was held on May 12 through 14, 2025

(ECF Nos. 162-64), Plaintiffs now ask the Court to admit into evidence additional exhibits to be

1

considered as part of the trial record by taking "judicial notice" (ECF No. 168), which is partially opposed by Defendants (ECF No. 171). For the reasons that follow, the application is **DENIED**.

## DISCUSSION

At trial, Plaintiffs did not introduce certain exhibits that appeared in the Joint Pretrial Order, but that they now seek to admit. (ECF No. 168 at 1-2), which are:

1. Plaintiffs' Trial Exhibit 1: License Agreement ("Exhibit 1");
2. Plaintiffs' Trial Exhibit 2: Solar Club LLC Operating Agreement ("Exhibit 2");
3. Plaintiffs' Trial Exhibit 3: Assignment and Assumption Agreement ("Exhibit 3");
4. Plaintiffs' Trial Exhibit 4: Service Agreement ("Exhibit 4");
5. Plaintiffs' Trial Exhibit 5: Loan Agreement ("Exhibit 5"); and
6. Plaintiffs' Trial Exhibit 6: Security Agreement ("Exhibit 6").

(*Id.*)

Styled as a post-trial application for the Court to take judicial notice, it is in reality a request to reopen the evidentiary record to admit exhibits that were not introduced at trial. Judicial notice is limited to two instances, where a court can make notice of a fact, namely, "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Judicial notice is not to be used "as a vehicle for advancing legal principles." *Williams v. Silliman*, No. 11-CV-1477, 2014 WL 991876, at *4 (N.D.N.Y. Mar. 13, 2014) (internal citations omitted) ("Plaintiff's motion for judicial notice contains both factual and legal assertions. Judicial notice, however, is not intended as a vehicle for advancing legal principles. *See, e.g., Toth v. Grand Trunk R.R.,* 306 F.3d 335, 349 (6th Cir.2002) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case.")). Indeed, Courts may

take judicial notice of publicly available records. *Maroney v. Woodstream Corp.*, 695 F. Supp. 3d 448, 453–54 (S.D.N.Y. 2023). However, courts cannot "rely upon [such publicly available records] for the truth of the matters asserted." *Id.* (citations omitted).

Moreover, "[b]ecause the effect of judicial notice is to deprive a party of the opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Novartis Pharma AG v. Incyte Corp.*, 777 F. Supp. 3d 340, 354 (S.D.N.Y. 2025) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)); *see also Prince v. Intercept*, 634 F. Supp. 3d 114, 126 (S.D.N.Y. 2022) (citing *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n*, 146 F.3d at 70) ("The Court of Appeals has explained, '[a] court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.'")).

As Plaintiffs request the Court to take judicial notice of the six exhibits, they are essentially asking the Court to review the merits and truth of the matter asserted within these agreements. Precisely, Plaintiffs state "[t]hese six agreements are germane to the Court's analysis of the trial in this matter and essential for the Court to judicially notice them on its own or through this Plaintiffs' request." (ECF No. 168 at 5.)  The Court declines to do so on that basis.

Next, the Court must consider whether to reopen the evidentiary record and to admit these exhibits following the close of trial. Defendants correctly note that, Exhibit 2 was already admitted into evidence at trial on May 13, 2025 (ECF No. 165 at 2). (ECF No. 171 at 2.) Thus, the application is *moot* as to the admission of Exhibit 2 which is already in evidence. Next, Defendants oppose Exhibit 1, asserting that it "is not identical to any of Defendants' trial

3

exhibits, and the document is unsigned. For these reasons, Defendants dispute the authenticity."
(*Id.*) Lastly, the remaining documents, Exhibits 3 through 6, are objected to as post-trial evidence. (*Id.*)

When a party seeks to reopen the record of a concluded trial to interduce new exhibits, courts consider three factors. The factors are "(1) whether or not the moving party's failure to submit evidence was the result of its own lack of diligence; (2) the extent to which reopening the record might prejudice the nonmovant; and (3) where the interests of justice lie." *Romeo v. Sherry*, 308 F. Supp. 2d 128, 139 (E.D.N.Y. 2004) (quoting *John v. Sotheby's, Inc.*, 858 F. Supp. 1283, 1288 (S.D.N.Y. 1994)). The choice of reopening a record lies within the discretion of the Court. *See Blain v. State Univ. of New York Downstate Med. Ctr.*, No. 22-CV-3022 (FB) (MMH), 2023 WL 1967528, at *2 (E.D.N.Y. Feb. 13, 2023) (citing *Ammar v. United States*, 342 F.3d 133, 141 (2d Cir. 2003)).

Applying the three-factor approach set forth above, the Court declines to reopen the record to allow for the admission of Exhibits 1 and 3 through 6. *First*, it is Plaintiffs' lack of due diligence for not attempting to admit these exhibits into evidence during the three-day trial. These exhibits were listed on the JPTO and Plaintiffs had ample time and opportunity throughout the trial to seek to have the exhibits introduced into evidence (*see* ECF No. 165). *See Shred-It USA, Inc. v. Mobile Data Shred, Inc.*, 238 F. Supp. 2d 604, 607 (S.D.N.Y. 2002), *aff'd*, 92 F. App'x 812 (2d Cir. 2004) (denying post-trial additional evidence after the "trial record closed when all sides rested at the conclusion of the evidentiary phase of the proceeding[,]" where the defendants could have sought leave to add additional witnesses and offered no compelling reasons to reopen evidence).

*Second*, if the Court were to admit these exhibits, it would prejudice Defendants as proposed findings of facts and conclusions of law were submitted to the Court as of August 8, 2025 (*see* ECF Nos. 169-70) and the trial concluded on May 14, 2025 (*see* ECF No. 164). The opportunity to examine and cross-examine witnesses on these documents is lost. If the Court were to consider these exhibits, it would require a reopening of the trial in light of Defendant's opposition to their admission. Moreover, Plaintiffs' decision not to introduce these exhibits may have impacted Defendants' trial strategy. *See John*, 858 F. Supp. at 1288–89. As Plaintiffs' motion does not address these concerns, this factor weighs heavily against reopening the record.

*Third*, in the interest of justice and in the Court's discretion, there are no compelling reasons to reopen the record. There were many exhibits entered into evidence, testimony of eight witnesses, and the parties had almost three months prior to submitting their post-trial briefings. Where Plaintiffs knew well in advance which issues would be relevant at trial but failed to admit relevant evidence, reopening the record to correct that oversight would be tantamount to granting "a second bite of the apple." *See Romeo*, 308 F. Supp. 2d at 141; *Compare id.*, *with Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (remanding for limited reopening to introduce evidence relevant to calculating damages where the district court adopted a calculation method advanced by neither party)).

Accordingly, Plaintiffs have not made a showing sufficient to justify reopening the evidentiary record.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Judicial Notice (ECF No. 168) is **DENIED**.

Dated: Central Islip, New York
August 12, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge