IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
NEW YORK

| | |
|---|---|
| HATTERAS ENTERPRISES, INC., a California Corporation; MADMACK LLC, a California Limited Liability Company; and DEBRA MATTES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FORSYTHE COSMETIC GROUP, LTD; COLOR CLUB, LLC, a New York Limited Liability Company; HARRIET ROSE 2009 IRREVOCABLE TRUST; HARRIET ROSE, an individual; and MICHAEL ROSE, an individual,<br><br>Defendants. | Case No. 2:15-CV-05887 (JMW)<br><br><br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTIONS UNDER RULE 52 AND RULE 59 AND DEFENDANTS' MOTION TO STRIKE THE UNAUTHORIZED DECLARATION OF DEBRA MATTES** |

Defendants Color Club, LLC, Harriet Rose 2009 Irrevocable Trust, Harriet Rose, and Michael Rose ("Defendants") respectfully submit this opposition to plaintiff Debra Mattes ("Ms. Mattes"), Hatteras Enterprises, Inc., and MadMack LLC's ("Plaintiffs") motion under F.R.C.P. Rule 52(a)(1)(5)(6)(b) and F.R.C.P. Rule 59 (a)(2)(b)(c)(d)(e) and respectfully requests that the Court strike the unauthorized declaration of Debra Mattes filed therewith.[1]

Rule 52 and Rule 59 do not provide a vehicle for a disappointed litigant to reargue issues, reweigh evidence, or overturn credibility determinations after a bench trial. They require a showing of clear factual error, manifest legal error, or newly discovered evidence—none of which Plaintiffs

---

[1] Pursuant to Local Rule 6.3, which governs Motions for Reconsideration or Reargument, "[n]o affidavits shall be filed by any party unless directed by the Court." For this reason alone, the Court must strike Ms. Mattes' declaration.

1

identify. Instead, Plaintiffs' motion simply restates the same arguments this Court already considered and rejected in a detailed, 30-page Opinion issued on October 28, 2025. In fact, the Court thoughtfully evaluated the testimony of each witness who appeared at trial, made credibility assessments, applied the proper governing legal standards under New York and California law, and entered judgment for Defendants on Plaintiffs' remaining claims.

Specifically, the Court found, among other things, that: Plaintiffs failed to prove by clear and convincing evidence that a misrepresentation regarding Forsythe's size had been made; Plaintiffs failed to establish reasonable reliance, even assuming such a statement was made; the alleged Amway misrepresentation was disproven by credible documentary and testimonial evidence; Plaintiffs' aiding and abetting theory collapsed absent a predicate fraud; and Plaintiffs' damages theories—including lost profits—were not legally recoverable under New York law.

Plaintiffs' motion does not address—let alone overcome—these dispositive findings. Nor do Plaintiffs point to any overlooked controlling authority, new evidence, or manifest injustice. Their motion simply disagrees with the Court's weighing of the evidence and seeks a second opportunity to litigate claims already decided. This is not permissible under Rule 52 or Rule 59.

Moreover, Plaintiffs' submission of a declaration from Ms. Mattes is procedurally improper and substantively irrelevant. The declaration is not newly discovered evidence; rather, it consists of conclusory statements and advocacy that could have been—and in many instances was—presented at trial. It is therefore outside the scope of permissible Rule 59 materials and should be stricken.

For these reasons, and those set forth below, Plaintiffs' motion must be denied in its entirety and Ms. Mattes's unauthorized declaration stricken.

## I. LEGAL STANDARD

In the Second Circuit, "the standard for granting a Rule 59(e) motion 'is strict, and . . . will generally be denied.'" *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000), quoting *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00-CV-2474, 2000 U.S. Dist. LEXIS 12968, 2000 WL 1279783, at *1 (S.D.N.Y. Sept. 8, 2000)). Although Rule 59(e) allows a party to move "to alter or amend a judgment." Fed. R. Civ. P. 59(e), it "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.*, quoting *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 685 (M.D.Fla. 1996).

The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). However, the court will grant a Rule 59(e) motion "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" and a movant for reconsideration "bears [][a] heavy burden." *Johnson v. Maximus Servs. LLC*, No. 23-7672, 2025 U.S. App. LEXIS 13451, 2025 WL 1561819, at *4 (2d Cir. June 3, 2025) (summary order) (internal quotation marks omitted) (quoting *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020)); *Virgin Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Where the motion "merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration ***must*** be denied." (emphasis added). *Silverman v. Miranda*, 06-CV-13222, 2017 U.S. Dist. LEXIS 54367, 2017 WL

1434411, at *1 (S.D.N.Y. Apr. 10, 2017) (internal quotation marks and citation omitted). *Newton v. LVMH Moet Hennessy Louis Vuitton Inc.*, No. 23-CV-10753 (LAP), 2025 U.S. Dist. LEXIS 126427, at *7 (S.D.N.Y. July 2, 2025); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000) ("[s]uch motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (stating that such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling" (internal quotation marks and citation omitted)).

## II. PLAINTIFFS HAVE FAILED TO MEET THEIR HEAVY BURDEN.

In their moving papers, Plaintiffs contend that the Court's findings of fact were "clearly erroneous." Pl. Br. at 2. Specifically, Plaintiffs assert that they presented "extrinsic evidence" contradicting Harriet Rose's testimony and ask the Court to reinterpret that testimony in a manner favorable to them. Plaintiffs also challenge the Court's determination that (1) Ms. Mattes's reliance on the alleged statements regarding Forsythe's size was unreasonable, and (2) New York law limits recovery for fraudulent inducement to actual pecuniary loss. Pl. Br. at 4. According to Plaintiffs, the Court's conclusions are "contrary to the relevant case law." *Id*.

These arguments fall far short of the standards governing post-judgment relief under Rules 52 and 59. "The purpose of post-judgment motions under Rule 52(b) is to give the district court an opportunity to correct manifest errors of law or fact at trial, or in some limited situations, to present newly discovered evidence." *United States v. Local 1804-1, Int'l Longshoremen's Ass'n*, 831 F. Supp. 167, 169 (S.D.N.Y. 1993). Rule 52(b) is not a vehicle to re-litigate credibility

determinations or reargue theories already rejected at trial. *Id*. at 176 ("a Rule 52(b) motion should not be granted where the proposed additional findings of fact are not material to the district court's conclusions").

Here, Plaintiffs do not identify any specific factual finding regarding Ms. Rose's testimony that they contend is clearly erroneous. Instead, they seek to overturn the Court's credibility determination. But credibility assessments—particularly following a bench trial—are entitled to substantial deference and are "virtually never" disturbed absent extraordinary circumstances. *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Plaintiffs identify no extraordinary circumstances here.

Nor does the purported "extrinsic evidence" Plaintiffs cite create any material conflict with the Court's findings. The Court expressly recognized that the testimony concerning the alleged $34 million representation was conflicting and correctly concluded that it was "a prime example of 'he said, she said,'" which does not satisfy the clear and convincing evidence standard required to prove fraud. Opinion at 15–16, DE 173.

Critically, the Court further held that even assuming *arguendo* that the statements regarding Forsythe's size were made, Plaintiffs' claims still fail because they did not establish reasonable reliance under New York law. Opinion at 21–22, DE 173. As the Court explained, Plaintiffs were represented by counsel, received projections, conducted independent research, and nevertheless chose to proceed without verifying Forsythe's financial condition. *Id*.

Thus, even if the Court were mistaken about Ms. Rose's testimony —which it is not — the outcome would remain unchanged. The findings Plaintiffs challenge are not material to the Court's ultimate conclusions, and post-judgment relief is inappropriate for that reason alone.

Plaintiffs also challenge the Court's finding that Ms. Mattes failed to prove reasonable reliance. According to Plaintiffs, the Court improperly concluded that Mattes was a sophisticated businesswoman and "discounted" her reliance on Forsythe's projections. Pl. Br. at 4. This argument rests on a selective reading of the Opinion. In assessing reasonable reliance, the Court found:

> Mattes' testimony that she relied on statements regarding the size of Forsythe is not reasonable. Mattes had counsel assisting her (Tr. 54:1–5), she was provided with projections (Tr. 55:6–23), which she likewise relied on (Tr. 64; 65:1–13), and was a successful businesswoman who worked with major brands such as Nike (Tr. 22, 119). Mattes admitted that she did independent research on Defendants, including internet searches and reviewing lifestyle indicators. (Tr. 49:1–9.) Importantly, Mattes testified that the lack of financial documents did not give her pause because projections had been provided. (Tr. 50.) She further testified that she relied on those projections in moving forward with the deal. (Tr. 65:11–13.) Harriet Rose testified that after the January meeting, Mattes never requested any financial documents. (Tr. 243:2–12.)

Opinion at 21–22, DE 173.

At bottom, Plaintiffs simply disagree with the Court's evaluation of the evidence.[2] But a party's "disagreement" with a court's "explication of the relevant legal standards and application of those standards to the facts of the case" does not satisfy the clear-error standard. *McGraw-Hill Global Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). "[A] motion for reconsideration cannot be granted solely on a party's disagreement with the Court's ruling." *Colodney v. Continuum Health Partners, Inc.*, 2004 U.S. Dist. LEXIS 16425, at *3 (S.D.N.Y. Aug. 18, 2004).

   a. **Plaintiffs Arguments Regarding Lost Profits, Jay Abrams and Jeff Pink are Misplaced.**

Plaintiffs' contention that the Court erred in holding that New York law does not permit

---

[2] Plaintiffs assert that the "Court found that Mattes did not do any independent research;" however, this assertion is wrong. Def. Br. p. 5.

recovery of lost profits for fraudulent inducement is nothing more than a repackaging of arguments Plaintiffs previously made, which the Court fully considered and correctly rejected. As the Court properly explained: "New York law does not permit recovery of lost profits for a fraudulent inducement claim; a plaintiff may only recover actual pecuniary losses." *JGV Apparel Grp., LLC v. Abu*, No. 22-CV-9210 (GHW) (JLC), 2024 WL 2093046, at *7 (S.D.N.Y. May 8, 2024); see also *Syncora Guar. Inc. v. Countrywide Home Loans, Inc.*, 935 N.Y.S.2d 858, 869 (N.Y. Sup. Ct. 2012) (compensatory damages are intended to make the injured party whole); *Lama Holding Co. v. Smith Barney Inc.*, 668 N.E.2d 1370, 1373 (N.Y. 1996) (damages for fraudulent inducement are limited to "actual pecuniary loss" and do not include lost profits).

Plaintiffs again assert that this conclusion is "contrary to established precedent." DE 175 at 7. It is not. Rather, Plaintiffs' argument reflects an effort to relitigate an issue already decided. Rule 59(e) is "not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple." *Siino v. City of N.Y.*, No. 14-CV-7217, 2016 WL 8711442, at *4 (E.D.N.Y. Feb. 19, 2016) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Plaintiffs also argue that reconsideration is required to "correct" the Court's characterization of expert Jay Abrams's testimony and to allow supplementation of the record regarding alleged "FDA approvals." Pl. Br. at 8, 10. Neither argument has merit.

The Court accurately summarized Mr. Abrams's testimony. As the Opinion reflects, Mr. Abrams did not use Orly's 20% royalty arrangement or Avon's purported order as inputs in his damages model. Instead, he relied on an assumed five-million-bottle request from OPI as a proxy for market demand. See Tr. 345–46, 369. The trial testimony confirms this point. When asked directly whether he used Orly's royalty deal in his calculations, Mr. Abrams testified

7

unequivocally: "I did not take that into account in any of my calculations." Tr. 369.

Similarly, Mr. Abrams testified that although Avon's two-million-bottle order could have been included, he intentionally excluded it to keep the projections "conservative" and aligned with Defendants' own forecasts. Tr. 346:6–11. The Court's description of Mr. Abrams's methodology was therefore accurate, and Plaintiffs' disagreement does not identify any factual error—much less one warranting amendment.

Findings of fact following a bench trial are entitled to presumptive validity, and a party seeking amendment bears a heavy burden to demonstrate a factual error "sufficiently serious" to justify altering the judgment. *Wallace v. Brown*, 485 F. Supp. 77, 79 (S.D.N.Y. 1979); *Anderson v. Fed. Cartridge Corp.*, 156 F.2d 681 (8th Cir. 1946). Plaintiffs have not met that burden.

Plaintiffs' arguments concerning Jeff Pink fare no better. Plaintiffs do not identify any legal or factual error in the Court's treatment of Pink's testimony. Instead, they assert—without evidentiary support—that "FDA approvals were not a concern." Pl. Br. at 8. Plaintiffs offer no basis for reopening the record to introduce new evidence on this point. It is well settled that "[a] party who failed to prove his strongest case is not entitled to a second opportunity by moving to amend a finding of fact and conclusion of law." *Farr Man Coffee v. Chester*, No. 88-CV-1602 (DNE), 1993 WL 303050, at *3 (S.D.N.Y. Aug. 26, 1993) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852).

## III. CONCLUSION

Plaintiffs' Rule 52 and Rule 59 motion amounts to nothing more than an effort to relitigate issues already decided and to supplement the trial record after the fact. The motion must be denied.

Dated: December 26, 2025

                                        OSBORN LAW, P.C.

By:   s/ Daniel A. Osborn
       Daniel A. Osborn
       43 West 43rd Street, Suite 131
       New York, New York 10036
       Telephone:   (212) 725-9800
       Facsimile:    (212) 500-5115

# CERTIFICATE OF SERVICE

On this 26th day of December 2025, I certify that I served counsel of record the foregoing by CM/ECF.

                                              OSBORN LAW, P.C.

By:     s/ Daniel A. Osborn
           Daniel A. Osborn
           43 West 43rd Street, Suite 131
           New York, New York 10036
           Telephone:   (212) 725-9800
           Facsimile:    (212) 500-5115