FILED
CLERK

1/19/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
HATTERAS ENTERPRISES, INC., a
California Corporation; MADMACK LLC, a
California Limited Liability Company; and
DEBRA MATTES, an individual,

                *Plaintiffs*,

            -against-

FORSYTHE COSMETIC GROUP, LTD;
COLOR CLUB, LLC, a New York Limited
Liability Company; HARRIET ROSE 2009
IRREVOCABLE TRUST; HARRIET ROSE,
an individual; and MICHAEL ROSE, an
individual,
                *Defendants*.

----------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**
15-CV-05887 (JMW)

**A P P E A R A N C E S:**

    Robert M. Silverman
    **Robert M. Silverman**
    269 South Beverly Drive, Suite 1358
    Beverly Hills, CA 90212
    *Attorneys for Plaintiffs*

    Daniel A. Osborn
    Lindsay Trust
    **Osborn Law P.C.**
    43 West 43rd Street, Ste 131
    New York, NY 10036
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

      In 2008, Plaintiff Debra Mattes ("Mattes") developed a nail polish that changed color in "sunlight due to a chemical reaction to ultra-violet rays." (ECF No. 64 at 5-8; Tr. 24:1-7.) She

1

eventually entered into an agreement with Defendants[1] to complete large-scale orders to third parties for the sale of her nail polish. (*Id.*) The parties entered into a joint venture known as Solar Club, LLC ("Solar Club"). (ECF No. 64 at 7.) In June of 2012, the parties executed the following six contracts: (i) License Agreement, (ii) Operating Agreement, (iii) Assignment and Assumption Agreement, (iv) Loan Agreement, (v) Security Agreement, and (vi) Services Agreement. (*Id.* at 6-8.) One year into the joint venture, Mattes received Solar Club's tax returns and only then realized that Defendant Forsythe was not the $34 million company it had represented itself to be. Plaintiffs filed this action alleging, *inter alia*, fraudulent inducement and breach of contract arising out of the 2012 agreements for the rights to Plaintiffs' color-changing nail polish. (ECF No. 1.) On May 12, 2025, through May 14, 2025, a bench trial was held before the undersigned.[2] (ECF Nos. 162-64.)

Upon careful review of the trial transcript, the evidence admitted at trial, the parties' proposed findings of fact and conclusions of law (ECF Nos. 169-70), as well as the controlling law on the issues presented, the Court found in favor of Defendants on the three claims and dismissed the counterclaims. (*See* ECF No. 174.) The Court further issued an Opinion pursuant to Fed. R. Civ. P. 52(a) of the Court's findings of fact and conclusions of law. (ECF No. 173.) Now before the Court is Plaintiffs' Motion to Set Aside Judgment pursuant to Federal Rules of Civil Procedure 52 and 59 (ECF No. 175), Defendants' opposition (ECF No. 176), and Plaintiffs' reply (ECF No. 177). For the reasons set forth below, Plaintiffs' Motion to Set Aside Judgment (ECF No. 175) is **DENIED**.

---

[1] Defendants are Forsythe Cosmetic Group, Ltd ("Forsythe") (currently subject to an automatic bankruptcy stay), Harriet Rose ("Ms. Rose"), Michael Rose ("Mr. Rose"), and Harriet Rose 2009 Irrevocable Trust (the "Trust").

[2] The parties agreed to a bench trial on the issues, waiving the right, if any, to a jury trial. (ECF No. 129; Electronic Order dated March 4, 2024.)

# **LEGAL FRAMEWORK**

The relevant portion of Federal Rule 52 provides,

> party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings. …Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility. … On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59.

Fed. R. Civ. P. 52(a)(5)-(6), (b).

Likewise, the relevant portion of Federal Rule 59 provides,

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows … after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. A motion for a new trial must be filed no later than 28 days after the entry of judgment. … No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(a)-(b), (d)-(e).

Importantly, both rules require that such motions be filed within twenty-eight (28) days after the entry of the judgment, which is what occurred here. *See* Fed. R. Civ. P. 52(b), 59(b).

The Second Circuit informs the district courts that upon completion of bench trials, findings of fact are only set aside "when they are clearly erroneous, and [the Circuit gives] due regard to the trial court's credibility determinations." *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 199 (2d Cir. 2003) (collecting cases); *Fisher v. Aetna Life Ins. Co.*, 32 F.4th 124, 135–36 (2d Cir. 2022) (quoting *Presley v. U.S. Postal Serv.*, 317 F.3d 167, 174 (2d Cir. 2003) (citing Fed. R. Civ. P. 52(a) ("A district court's findings of fact pursuant to a bench trial,

'whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge [ ] the credibility of the witnesses.'")); *Baiocco v. AEP RSD Invs., LLC*, No. 21-2475-CV, 2022 WL 2902081, at *3 (2d Cir. July 22, 2022) (same).

Findings of fact are "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, (1985)). Indeed, Fed. R. Civ. P. 52(a) states that "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility." *Gonzalez v. United States*, 612 F. Supp. 3d 336, 340–41 (S.D.N.Y. 2020), *aff'd*, 80 F.4th 183 (2d Cir. 2023), and *aff'd*, 80 F.4th 183 (2d Cir. 2023).

Motions for new trials are likewise not to be handed out as freebies. Put simply, a "trial court should not grant a new trial merely because the losing party can probably present a better case on another trial." *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995) (internal citations omitted). "[A] trial court should be most reluctant to set aside that which it has previously decided unless convinced that it was based on a mistake of fact or clear error of law, or that refusal to revisit the earlier decision would work a manifest injustice" *Barnes v. Alves*, 304 F.R.D. 363, 367 (W.D.N.Y. 2015) (citations omitted). The decision to grant or deny is discretionary and is granted "only for substantial reasons such as a 'manifest error of law or mistake of fact,'" *Coolidge v. United States*, No. 10-CV-363S, 2021 WL 1206514, at *7 (W.D.N.Y. Mar. 31, 2021) (quoting *Guzik v. Albright*, No. 16-CV-2257 (JPO), 2020 WL 2611917, at *1 (S.D.N.Y. May 21, 2020)); *see also Barnes*, 304 F.R.D. at 366 (discussing that

4

motions for a new trials rest within the district court's discretion and are only reviewable for abuse of discretion); *Network Enters., Inc. v. APBA Offshore Prods., Inc.*, No. 01-CV-11765 (CSH), 2006 WL 2707335, at *1–2 (S.D.N.Y. Sept. 20, 2006) (same). "The standard for granting a new trial is high." *Bank of New York Mellon v. Bell*, No. 3:11-CV-1255 JAM, 2015 WL 778698, at *1 (D. Conn. Feb. 24, 2015), *aff'd sub nom. Bank of New York Mellon as Tr. for BS ALT A 2005-9 v. Bell*, 745 F. App'x 427 (2d Cir. 2018). Federal Rule 59(e) is "essentially a motion for reconsideration [and], this Court may alter or amend judgments "'to correct a clear error of law or prevent manifest injustice.'" *Coolidge*, 2021 WL 1206514, at *7 (internal citations omitted).

It is within this legal framework that the Court analyzes the instant motion.

## **DISCUSSION**

Plaintiffs seek to alter or amend this Court's rulings pursuant to Fed. R. Civ. P. 52(a)(5) ("question the sufficiency of the evidence supporting the findings"), 52(b) ("the court may amend its findings—or make additional findings—and may amend the judgment accordingly"), 59(a)(2) ("on motion for a new trial, open the judgment …, take additional testimony, amend findings of fact and conclusions of law or make new ones"), 59(d) ("the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties … an opportunity to be heard, the court may grant a timely motion for a new trial"), and 59(e) (motion to amend or alter must be done within 28 days of judgment). (ECF No. 175 at 1-2.)

The case law cited above and the case of *Brown v. Prudential Bache Sec.*, are instructive. No. 91-CV-3649 (LJF), 1993 WL 410158, at *1 (S.D.N.Y. Oct. 8, 1993). In *Brown*, plaintiff filed untimely post-trial briefs after a four-day bench trial pursuant to Fed. R. Civ. P. 52 and 59, which

the Court considered due to his pro se status. (*Id.*) The Court noted that "Plaintiff's motion, however, which is essentially an attempt to revisit facts, identify inconsistencies in testimony, and generally to reargue his failed claim, must fail." (*Id.*) In addition, the Court found that Rule 52 should not be used as a "second opportunity … to amend a finding of fact and a conclusion of law." (*Id.*) Likewise, Rule 59 forbids the taking of additional testimony, or making new findings absent manifest errors of law or mistake of facts. (*Id.*) Brown failed to meet the correct standards and rather, urged the Court to change its mind on its findings and conclusions. (*Id.*) The proper course was an appeal to the Circuit and thus, the motion was denied. (*Id.*)

Contrary to Plaintiffs' arguments here that they are not simply "rehashing prior arguments", that is precisely what is done here. (ECF No. 175 at 3.) Plaintiffs attempt to have the Court reconsider its findings of fact because Plaintiffs believe the Court erred in concluding that (i) Ms. Rose's testimony was credible, and (ii) Mattes was a sophisticated businesswoman who could not rely solely on statements made by Defendants. (*Id.* at 3-4.) Moreover, any arguments made by Plaintiffs as to damages (*id.* at 6-8) are considered moot since the Court did not discuss damages in its conclusions of law due to a finding that Plaintiffs did not establish the elements required for the remaining three fraud claims. (*See* ECF No. 173 at 23, 27.) Defendants oppose Plaintiffs' motion entirely and aver that Plaintiffs are attempting to have a second chance in court after a disappointing result. (ECF No. 176 at 1, 7.) Indeed, Defendants are correct that Plaintiffs fail to show any errors made either in law or fact. (*Id.* at 1, 4.) Plaintiffs' reply continues this pattern. (*See* ECF No. 177.) While the reply attacks cases cited by the Defendants, it likewise argues the same positions set forth in their moving papers. (*Id.* at 3.) Namely, that the Court erred in its findings of fact and conclusions of law by concluding that Plaintiffs had to reasonably rely

only on the statements made by Defendants. (*Id.* at 4-5.) *Au fond,* Plaintiffs seek to have the Court reconsider its prior Rule 52 findings and credibility determinations.

This Court in its Opinion and Order discussed the standard for findings of fact. In particular, the Court wrote,

> [w]hen the court is presented with countervailing testimony, the Court's determination as to which to credit "cannot be clearly erroneous." *Hart v. Suffolk Cnty.*, No. 23-7269, 2025 WL 1374984, at *1 (2d Cir. May 13, 2025). "Where, however, two witnesses have each told a 'coherent and facially plausible story that is not contradicted by extrinsic evidence,' the trial court's decision to credit one witness over the other, 'if not internally inconsistent, can virtually never be clear error.'" *Doe v. Menefee*, 391 F.3d 147, 164 (2d Cir. 2004) (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575-76 (1985)).

(*See* ECF No. 173 at 6.)

Indeed, both parties cite to the *Doe* case, and are aware of the trial court's ability to credit a witness' testimony. (*See* ECF Nos. 175 at 3; 176 at 5.) Given the absence of any legitimate argument identifying any mistaken findings of fact or of overlooking or misapplying controlling law which would be grounds for concluding the decision was clearly erroneous, Plaintiffs' motion must be denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Set Aside Judgment (ECF No. 175) is **DENIED**. Oral argument previously scheduled for February 5, 2026, is cancelled.

Dated: Central Islip, New York
January 19, 2026

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge